## George L. Burrows v. Josiah P. Bailey and another.

*Evidence: Letter of guardianship.* In an action of replevin for timber, where title is sought to be deduced in part through a guardian of minor heirs, the fact that the letter of guardianship, though the minors were shown to be over fourteen years of age, did not show in terms that the guardian was nominated by them, or that they were asked to nominate or to appear for that purpose, will not justify its exclusion as evidence.

*Letter of guardianship: Certificate: Recitals: Presumptions: Regularity.* A letter of guardianship is in the nature of a certificate or commission, and in the absence of any statutory provision requiring it, it is not essential to its validity as evidence of the appointment, though 'it be preferable, that it should recite the mode and particulars of the nomination. and all reasonable presumptions must be indulged in favor of its having emanated regularly and after lawful proceedings.

*Replevin: Description of property: Variance: Certificate of appraisal.* Whether where there is a variance in the description of the property as contained in the writ of replevin and declaration, and that specified in the certificate of appraisal, the plaintiff is under the necessity of showing that the property taken on the writ was the same as that described in the writ and declaration :—*Quære?*

*Heard January 14. Decided April 20.*

Error to Cheboygan Circuit.

*W. S. Humphrey* and *Gaylord & Hanchett,* for plaintiff in error.

*Atkinson & Atkinson,* for defendants in error.

GRAVES, J :

Burrows brought replevin against defendants, and in his writ described the property claimed as follows : "The logs from sixty white pine trees containing one hundred and eleven thousand feet, board measure, of forty per cent white pine : said logs being marked 'J X B,' and lying in the boom of J. B. Bailey & Son, at the mouth of Pigeon River, in the county of Cheboygan and state of Michigan, cut from the following lands, viz. : the southeast quarter of the northwest quarter, and the northwest quarter of the northeast quarter of section twenty-five, town thirty-five north, range

two west, state of Michigan." The sheriff made return that he had summoned the defendant Josiah P. Bailey, but could not find the other defendant in the county. He also made return that by virtue of the writ he took the property mentioned in it, caused it to be appraised, etc., and thereupon delivered to the plaintiff the said property so seized and taken, upon a bond which accompanied the return. The certificate of appraisal described the property appraised at the sheriff's instance as "one small boom of white pine logs containing about one hundred and ten thousand feet, board measure, now lying at the Fisher Planing Mill, at the forks of the Cheboygan and Black Rivers, and marked 'J X B' and 'Rust.'"

The condition of the bond given to the sheriff, after specifying the commencement of the action, described the property in the same way as in the writ, and required return of the same property, if return thereof should be adjudged. The declaration also described the property as in the writ, and alleged that defendants still detained it. This statement of detention had reference, of course, to the time the suit was instituted.

The defendants pleaded the statutory general issue, without notice of any special matter of defense, and no question appears to have been raised in any form, either in the cause or collaterally, as to the regularity of the sheriff's action in executing the writ. So far as the record discloses, all parties acquiesced in the correctness of his proceedings.

When the trial came on, the plaintiff endeavored to found his right to maintain replevin by proof of his ownership of an undivided interest in the land where the logs were cut, and his acquirement of the right of action which had come to his co-owners by means of the cutting. And it appeared that one Aloney Rust, a former co-owner, had died in 1874, leaving six children who had inherited his right, and that three of these children, namely, Aloney J., Ralph E., and John H. Rust were minors over the age of fourteen, and residents of Saginaw county. In order to trace his right

34 MICH.—9.

and title the plaintiff offered in evidence a certified transcript of a letter of guardianship of these minors, issued to Jane Rust by the probate judge of Saginaw county.    It did not show in terms that Jane Rust was nominated by the minors, or that they were asked to nominate or to appear for that purpose, and the defendants objected to its admission on that ground, and the court sustained the objection.

The plaintiff then called one of the minors, who swore he was twenty years of age, and that he and his two minor brothers were actually present before the judge on Jane Rust's appointment. He was then asked whether he and his brothers did in fact nominate her to be their guardian. And on putting the question, plaintiff's counsel stated he offered to prove that the minors did nominate her and that the appointment was made thereupon.    The defendants' counsel then objected on the ground that the fact of nomination by the minors was matter of record, and the court excluded the evidence.

In ruling out the letter the court erred. In so deciding it was assumed that the paper was void upon its face, however regular the judge might have acted in making the appointment.    The question did not touch the grounds of action, or the mode of action of the judge, down to the act of issuing the letter, but it related to the sufficiency of the letter itself as evidence, even *prima facie,* that Jane Rust had been lawfully constituted guardian of the minors, and the ruling must be construed as maintaining that as the letter contained no recital of the fact of nomination by the minors, or any recital of a state of facts permitting the judge to both nominate and appoint, it was worthless as evidence of an appointment unless supported by record proof from the probate office of the facts just mentioned.

Unquestionably it would be far better for a letter to explain expressly the mode of nomination, but there is no regulation which requires it.

The instrument is in the nature of a certificate or commission, and the statute nowhere directs any special form,

and there is nothing to imply that its validity, as evidence of the appointment, requires that it should recite the circumstances in regard to the nomination.

When the minor is over fourteen, and appears in person before the judge of his county, and orally nominates, the judge is in a situation to take cognizance of the matter, and if he does so, his letter, or certificate or commission of appointment, is entitled to favorable presumptions and ought not to be considered void for not reciting the facts before mentioned. In the absence of any thing to the contrary, it should be deemed to have emanated regularly and to rest upon lawful proceedings. The evidence was certainly good, *prima facie*, and admissible.

After the rejection of this evidence the cause proceeded, but the defendants gave no evidence at all. The plaintiff's proof established his ownership of an undivided interest in the land where the logs were cut, and the defendants appeared to have taken the logs by trespass. No evidence was shown to the jury that the stuff taken by the sheriff on the writ was identical with that claimed by it. By request to charge, a question was made by the plaintiff upon his right to recover against defendants, upon the supposition of their being mere trespassers and he being absolute owner of an undivided interest in the land, and the court decided against the plaintiff's right to recover under such circumstances. The plaintiff raises the same question here, but the conclusion reached, that the court erred in rejecting his evidence to prove the entire right in himself before suit, makes it a question rather speculative than otherwise, and we do not deem it expedient to discuss it.

As regards the question, whether the plaintiff was under necessity of putting in proof to show that the property taken on the writ was the same to which he had shown title, the court are not agreed.

As, however, it seems probable from the record that the plaintiff was taken by surprise by the objection made, we have concluded, under the circumstances, to order a new

BURROWS v. BAILEY.

trial at the plaintiff's cost, as more likely to conduce to justice than the affirmance of a judgment against him, in a case where the defect in his case, if any, was only technical.

The other Justices concurred.